IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-101-D

| | |
|---|---|
| DENNIS KEITH RHINEHARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

On June 12, 2012, Dennis Keith Rhinehardt ("Rhinehardt") filed a complaint against Michael J. Astrue, Commissioner of Social Security ("Commissioner"), alleging that the Commissioner wrongfully denied Rhinehardt's application for benefits [D.E. 6].[1] Rhinehardt asks the court to reverse the Commissioner's denial of benefits and award benefits, or, alternatively, to remand the case for a new hearing. Id. On November 1, 2012, Rhinehardt moved for judgment on the pleadings [D.E. 23] and filed a memorandum in support [D.E. 23-1]. On December 31, 2012, the Commissioner moved for judgment on the pleadings [D.E. 24] and filed a memorandum in support [D.E. 25]. As explained below, the court grants Rhinehardt's motion, denies the Commissioner's motion, and remands the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

I.

On April 20, 2009, Rhinehardt applied for benefits. Tr. 157–62. In his application, Rhinehardt stated that his disability began on April 1, 2005. Id. 157, 159. His claim was denied initially on May 22, 2009, id. 64–68, and again upon reconsideration on September 1, 2009. Id.

---

[1] Astrue has resigned. Carolyn W. Colvin is Acting Commissioner and is substituted as defendant. See Fed. R. Civ. P. 25(d).

89–91. Rhinehardt requested a hearing before an Administrative Law Judge ("ALJ"), which took place on September 24, 2010. See id. 28–54.

At the hearing, Rhinehardt testified that he stopped working around the beginning of 2008 due to severe back pain. Id. 35–36, 42–43. Rhinehardt stated that his back pain is never better than a "6 or 7" out of 10, troubles him while sitting and standing, and limits his mobility. Id. 37–38. Rhinehardt testified that he also suffers from depression, bipolar disorder, and alcoholism. See id. 39–41. A medical expert opined that, absent alcohol use, Rhinehardt's bipolar disorder would not be disabling. Id. 48. However, the expert could not testify as to the impact of Rhinehardt's back problems. Id. A vocational expert testified that, based on hypothetical residual functional capacities ("RFC") less strenuous than Rhinehardt's past work posed by the ALJ, Rhinehardt would be able to perform jobs that were available in the national and local economy. Id. 50–52. However, the expert also testified that if Rhinehardt were restricted to the conditions authorized by Rhinehardt's doctor, there would be no jobs that he could perform. Id. 52.

On November 10, 2010, the ALJ found that Rhinehardt was not disabled and denied his application for benefits. Id. 9. Rhinehardt timely requested review by the Appeals Council, which denied his request for review on May 17, 2012. See id. 1–3. Rhinehardt timely sought judicial review. See 42 U.S.C. § 405(g).

II.

In reviewing the Commissioner's denial of benefits, a district court is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See id.; Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is more than a scintilla of evidence but may be somewhat

2

less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). When reviewing for substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In evaluating disability claims, the Commissioner follows a familiar five-step process. The Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to the claimant's past relevant work; and (5) if not, could perform any other work in the national economy. See 20 C.F.R. § 416.920(a)(4). The claimant has the burden of production and proof in steps one through four. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If the process reaches the fifth step, the Commissioner has the burden of proving that the claimant, despite impairments, can perform a job that exists in significant numbers in the national economy. See id.; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

The ALJ followed the prescribed process, finding that (1) Rhinehardt had not engaged in substantial gainful activity since April 1, 2005, Tr. 15; (2) Rhinehardt suffered from scoliosis with degenerative disc disease of the spine, bipolar disorder, and alcohol abuse, which are severe impairments, id.; (3) Rhinehardt's bipolar disorder and alcohol abuse met the listing requirements of 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04 and 12.09, but that they would not if Rhinehardt

3

stopped his substance use, Tr. 15–17; and that Rhinehardt's degenerative disc disease did not meet the listing criteria of 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 ("Listing 1.04"), Tr. 17; (4) if he stopped drinking alcohol, Rhinehardt would have the RFC to perform light work with a number of restrictions but not his previous work, id. 16, 21; and (5) if he stopped drinking alcohol, Rhinehardt could perform jobs that exist in significant numbers in the national economy. Id. 22–23. Accordingly, the ALJ found that Rhinehardt was not disabled and denied his application. Id. 23.

Rhinehardt challenges the ALJ's denial of his benefits on several grounds. First, Rhinehardt contends that the ALJ erred by failing to consider evidence showing that Rhinehardt's spinal condition meets Listing 1.04. Pl.'s Mem. Supp. Mot. J. [D.E. 23-1] 5–14.[2] At the third step of the disability analysis, the ALJ must find a claimant to be disabled if the claimant's impairment "meets or equals" the relevant listing criteria. 20 C.F.R. § 416.920(a)(4)(iii); see Bowen v. City of New York, 476 U.S. 467, 470–71 (1986). The claimant must prove that he meets the listing criteria. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient. See, e.g., Cook v. Heckler, 783 F.2d 1168, 1172–73 (4th Cir. 1986). At a minimum, the ALJ should identify the relevant listed impairments and compare the listed criteria to the evidence of the claimant's impairments. Id. at 1173.

---

[2] Listing 1.04 reads:

> Disorders of the spine (e.g., . . . degenerative disc disease . . .), resulting in compromise of a nerve root . . . or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

4

In his discussion at step three, the ALJ merely restated the criteria for Listing 1.04 without analysis, finding that

> [t]he claimant's degenerative disc disease of the spine and pain syndrome has not resulted in the compromise of a nerve root . . . or the spinal cord. There is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. Consequently, his degenerative disc disease of the spine and pain syndrome does not meet . . . the criteria for listing 1.04.

Tr. 16–17 (emphasis added).

Despite the ALJ's statement that there is "no evidence" that Rhinehardt exhibits any of the listing criteria, the remainder of the ALJ's decision and the record contradict that finding. As to nerve root compression, the ALJ noted that on April 2, 2009, "a magnetic resonance imaging scan (MRI) . . . revealed a large para central and upward disc extrusion, which was compressing the transiting right L5 nerve root and contracting the right L4 nerve root and considerable narrowing of the right L5-S1 neural foramen." Id. 18–19. Regarding neuro-anatomic distribution of pain, the ALJ noted a diagnosis of "lumbar radiculopathy" and Rhinehardt's complaints on multiple occasions of pain running "down the front of his right leg." Id. 19. Regarding limitation of motion of the spine, the ALJ noted February 2006 and March 2009 diagnoses of "decreased range of motion in flexion, and[] extension" and "decreased range of motion of [Rhinehardt's] back." Id. 18. As to motor loss, muscle weakness, and sensory or reflex loss, the ALJ noted Rhinehardt's "diminished light touch sensation in the right lower extremity" and "notable weakness in extensor hallucis longus . . . in the right lower extremity." Id. 18–19. Finally, the ALJ noted that Rhinehardt had a positive straight-leg raise. Id. 19. Beyond these specific findings, the record reveals other evidence relevant to the Listing 1.04 criteria, including evidence of nerve root compression, id. 322, 338, 367, 422; neuro-anatomic distribution of pain, id. 322, 332, 335–36, 339, 361, 414, 416–17; limitation of motion of

5

the spine, id. 279, 342, 420; motor loss accompanied by sensory or reflex loss, id. 321, 333, 339, 341–42, 361, 414, 416–18, 420; and positive straight leg raise. Id. 288, 361, 414.

The ALJ's analysis of Listing 1.04 is not supported by substantial evidence. See, e.g., Cook, 783 F.2d at 1173–74; Battle v. Astrue, No. 5:12-CV-84-BO, 2013 WL 593946, at *2 (E.D.N.C. Feb. 15, 2013); Williams v. Astrue, No. 5:11-CV-409-D, 2012 WL 4321390, at *5 (E.D.N.C. Sept. 20, 2012) (unpublished); Radford v. Astrue, No. 5:11-CV-347-BO, 2012 WL 3594642, at *3 (E.D.N.C. Aug. 20, 2012) (unpublished). Accordingly, the case is remanded for further consideration of Listing 1.04.

Second, Rhinehardt argues that the ALJ erred in his credibility assessment. Pl.'s Mem. Supp. Mot. J. 14–18. The ALJ determines disability caused by pain or other symptoms by a two-step process. Craig, 76 F.3d at 594; see SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). Initially, the ALJ must find "objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" Craig, 76 F.3d at 594 (quoting 20 C.F.R. §§ 404.1529(b), 416.929(b)). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms] and the extent to which [those symptoms] affect[] [his] ability to work." Id. at 595. Among other factors, when evaluating the claimant's credibility the ALJ should consider all evidence in the record, including "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists." SSR 96-7p, 1996 WL 374186, at *5. After considering of all the relevant evidence, the ALJ must determine the claimant's credibility and the determination "must contain specific reasons" that "make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." Id. at *4.

6

Given that the court is remanding the case, the court need not address this argument. The court is confident that the Commissioner will follow the process on remand.

Finally, Rhinehardt argues that the ALJ did not properly consider the opinion of treating physician Dr. Guirgues. Pl.'s Mem. Supp. Mot. J. 18–21. Dr. Guirgues placed several restrictions on Rhinehardt's ability to work. Tr. 464. The ALJ's vocational expert testified that there are no jobs that Rhinehardt could perform given those restrictions and his impairments. Id. 52. Rhinehardt contends that the opinion of his treating physician should be given controlling weight.

A treating source's opinion evidence is generally given more weight than other opinion evidence, and a treating source opinion must be given controlling weight if the ALJ finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996). If the treating source opinion does not merit controlling weight, the ALJ must determine the appropriate weight to give the opinion based on factors that include (1) the length of treatment and frequency of examination, (2) the nature and extent of the treatment relationship, (3) evidentiary support for the opinion, (4) consistency of the opinion with the record as a whole, (5) relevance of the source's medical specialization to the opinion, and (6) any other relevant factors brought to the attention of the ALJ. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also SSR 96-2p, 1996 WL 374188 at *4. The ALJ is not required to discuss all of these factors. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007); Munson v. Astrue, No. 5:08-CV-110-D(3), 2008 WL 5190490, at *3 (E.D.N.C. Dec. 8, 2008) (unpublished). However, the ALJ must give "good reasons" for the weight assigned to a treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); SSR 96-2p, 1996 WL 374188, at *5.

Given that the court is remanding the case, the court need not address the argument. The court is confident that the Commissioner will follow the process on remand. Cf. Ware v. Astrue, No. 5:11-CV-446-D, 2012 WL 6645000, at *3–4 (E.D.N.C. Dec. 20, 2012) (unpublished).

III.

In sum, the court GRANTS Rhinehardt's motion for judgment on the pleadings [D.E. 23], DENIES the Commissioner's motion for judgment on the pleadings [D.E. 24], and REMANDS the action to the Commissioner further proceedings under sentence four of 42 U.S.C. § 405(g).

SO ORDERED. This **30** day of May 2013.

JAMES C. DEVER III
Chief United States District Judge